**In re THE LANDING, Debtor.**

**Bankruptcy No. 92–20384–172.**

United States Bankruptcy Court,
E.D. Missouri,
Northern Division.

Jan. 9, 1996.

Fredrich J. Cruse, Disbursing Agent/Trustee, Hannibal, MO.

A. Thomas DeWoskin, St. Louis, MO, for Disbursing Agent/Trustee.

Stephen L. Kling, Michael P. Stephens, St. Louis, MO.

Wendi Alper–Pressman, Vogler & Associates, St. Louis, MO.

## ORDER

JAMES J. BARTA, Chief Judge.

The matter being considered here is the application of Fredrich J. Cruse (hereinafter, "Disbursing Agent/Trustee") for authority to retain a professional person after confirmation of a Chapter 11 Plan of Reorganization, and the objections thereto by James Klund, Virginia Howdeshell, and certain creditors represented by the law firm of Vincent D. Vogler and Associates. These determinations and this Order are based upon a consideration of the record as a whole, including the Disbursing Agent/Trustee's memorandum filed on December 29, 1995.

■ Generally, confirmation of a Chapter 11 plan terminates the pre-confirmation bankruptcy estate and revests all of the property of the estate in the reorganized or liquidating debtor. *See Harstad v. First American Bank*, 39 F.3d 898, 904 (8th Cir. 1994). Ordinarily, after confirmation of a plan of reorganization, a debtor may go about its business without further supervision or approval by the Bankruptcy Court. *Hillis Motors, Inc. v. Hawaii Auto Dealers Ass'n*, 997 F.2d 581, 589 (9th Cir.1993). However, it may be argued that the entry of an order of confirmation of a Chapter 11 plan does not of itself remove or limit an Article I Bankruptcy Court's jurisdiction in a reorganization case.

■ The Bankruptcy Court's jurisdiction is described in several sections in the Federal statutes, including Sections 157 and 1334 of Title 28 of the United States Code. Much of this statutory language appears to refer to pre-confirmation entities and activities such as an "estate", a "debtor", "assets of the estate" and "administration of the estate". To the extent that any of these entities and activities continue after confirmation, the jurisdiction of the Bankruptcy Court continues as well. However, the statutes are nearly silent as to the Bankruptcy Court's post-confirmation jurisdiction. With respect to post-confirmation entities and activities, the determination of the breadth of the Bankruptcy Court's jurisdiction in a particular case may be influenced by factors in addition to the Federal statutes.

A Bankruptcy Court's jurisdiction may be affected by (A) the provisions of a confirmed plan, or (B) by specific language in the order of confirmation, or (C) by the facts and circumstances and nature of a particular post-confirmation matter, or (D) by the identities and relationships of the parties involved.

■ (A) In the matter being considered here, the confirmed plan is silent regarding the Court's retention of post-confirmation jurisdiction over the request of the Disbursing Agent/Trustee to hire an attorney. In the absence of language to the contrary, the reorganized or liquidating debtor would ordinarily retain professional persons without requesting authorization or approval from the Bankruptcy Court. On consideration of the record as a whole in this case, the circumstances demand that the Court exercise a greater degree of supervision over the post-confirmation entities and assets. The pre-confirmation Operating Trustee has become the post-confirmation Disbursing Agent/Trustee with control of the post-confirmation assets; the Debtor's business has been sold; the confirmed plan was essentially the Operating Trustee's plan that was formulated with little assistance from the Debtor; and certain of the language of the plan appears to be inconsistent with respect to what entity is to retain control of the Debtor's assets after confirmation. (Article II of the plan indicates that property of the estate is to remain vested in the Debtor, and Article V provides that the Debtor shall continue to operate its business. In view of the post-confirmation circumstances suggested in this application, it appears that these provisions may not be consistent with one another.)

(B) In the matter being considered here, the order of confirmation is silent regarding the Court's post-confirmation jurisdiction in this situation.

(C) In the matter being considered here, special circumstances have been shown to exist which require the Court to exercise further supervision over the post-confirmation actions of the parties and assets. *See Hillis Motors, Inc. v. Hawaii Auto Dealers Ass'n*, 997 F.2d 581, 589 (9th Cir.1993). The Debtor had not been actively involved in the reorganization process prior to confirmation;

the Debtor did not play an active role in the formulation of the plan of reorganization; and the reorganized Debtor has taken little action to assist the Disbursing Agent/Trustee in the post-confirmation liquidation process. The Court finds and concludes that for a considerable portion of this case, the Debtor has not been in charge of its property or operations. It appears further that the circumstances outlined in this application may require the Disbursing Agent/Trustee to consider modifications to the confirmed plan.

(D) The Disbursing Agent/Trustee has been named as a Defendant in an action concerning certain problems that may exist with respect to the sale of the Debtor's business. The Disbursing Agent/Trustee is also defending against a request for the allowance of an administrative expense claim in the amount of $30,000.00. These matters are complex and are directly related to the distributions required by the confirmed plan. A failure to defend either matter will likely result in a substantial reduction in the amount available for distribution to holders of allowed claims. The Disbursing Agent/Trustee has therefore established the existence of a need to retain legal counsel to perform necessary legal services. *See In re Abraham*, 163 B.R. 772, 785 (Bkrtcy. W.D.Tex.1994).

**IT IS ORDERED** that the objections to this application are overruled; and that the Application of Fredrich J. Cruse, as Disbursing Agent/Trustee pursuant to the Confirmed Plan of Reorganization in this case, be and hereby is authorized to employ A. Thomas DeWoskin as his attorney to advise and direct him in the performance of his duties as Disbursing Agent/Trustee, and to assist generally in litigation, procedure, and legal aspects of problems which may arise as part of his official duties as Disbursing Agent/Trustee.

**IT IS FURTHER ORDERED** that by agreement, compensation of said Counsel for his legal services for the Disbursing Agent/Trustee is not subject to further notice or order of Court, except that said Counsel shall submit all bills to the United States Trustee for a ten-day review for the sole purpose of confirming that the legal services

rendered by A. Thomas DeWoskin are for the benefit of the post-confirmation debtor and creditors, and for the benefit of Fredrich J. Cruse in his capacity as Disbursing Agent/Trustee under the Plan, and not for the benefit of the Disbursing Agent/Trustee in his personal capacity; and that therefore, reasonable compensation to said Counsel are not subject to further order of Court, unless an objection is filed within ten days after such bills are submitted to the United States Trustee.

**IT IS FURTHER ORDERED** that the Disbursing Agent/Trustee is granted additional time to file an answer or response to the complaint, *but not later than January 19, 1996.*